IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-90-258-CR




GEORGE HAIGOOD,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY, 



NO. 331-277, HONORABLE STEVE RUSSELL, JUDGE


 





PER CURIAM

 A jury found appellant guilty of harassment by telephone. 
Tex. Pen. Code Ann. § 42.07 (1989). The court assessed punishment
at incarceration for two days and a $750 fine.

 On the morning of October 26, 1989, appellant called
Marsha Haigood, his former wife, at her place of employment and
told her that he "knew who Steven in Galveston is." Haigood told
appellant she did not know what he was talking about and asked him
to stop calling her, then hung up. The phone immediately rang
again. This time, appellant told Haigood that he was going to
report her to "narcotics agents." Haigood again hung up after
repeating her request that appellant stop harassing her. During
the next eight minutes, appellant called Marsha Haigood another
twenty-six times. On each occurrence, Haigood would hang up as
soon as she recognized appellant's voice.

 In his only point of error, appellant contends the State
failed to prove that the telephone calls were made in Travis
County. Appellant concedes that the evidence establishes that the
calls were received by Marsha Haigood in Travis County, but urges
that there is no evidence that appellant was in Travis County when
he placed the calls.

 Appellant casts his contention in the form of a challenge
to the sufficiency of the evidence to sustain the conviction. The
State's reply treats the contention as a challenge to the proof of
venue. Tex. Code Cr. P. Ann. arts. 13.17 and 13.18 (1977). The
point of error is without merit in either event.

 The charge tracked the language of the information. The
jury was instructed to convict if it found that appellant "in
Travis County . . . with intent to harass, annoy, alarm, abuse,
torment, or embarrass Marsha Haigood did then and there make
repeated telephone communications in a manner reasonably likely to
harass, annoy, embarrass and offend the said Marsha Haigood." Tex.
Pen. Code Ann. § 42.07(a)(4) (1989). Regardless of where appellant
was when he initiated the calls, they did not become "telephone
communications" until they were received by Marsha Haigood in
Travis County. Thus, in the language of the charge, the telephone
communications were made in Travis County. In the language of art.
13.18, the offense was committed in Travis County.

 If appellant was in another county when he placed the
calls, it may be that the unlawful telephone communications were
made or committed in that county as well. We need not decide that
question. It is sufficient to hold, as we do, that an unlawful
telephone communication under § 42.07(a)(4) is made or committed in
the county in which the communication is received.

 The judgment of conviction is affirmed.



[Before Justices Powers, Aboussie and Kidd]

Affirmed

Filed: August 14, 1991

[Publish]